# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WESLEY MARKS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:21-cv-265-HEA |
| TERRY LAWSON, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a filing submitted by plaintiff Wesley Marks, an inmate at the Farmington Correctional Center ("FCC"). In the filing, plaintiff states he wishes to initiate a federal lawsuit against prison officials who have engaged in "acts of deliberate indifference." Plaintiff has neither paid the $402 filing fee, nor filed a separate motion seeking leave to proceed without prepayment of such fee. However, in the filing, plaintiff states he would "like to be placed on a payment plan to continue the process of the law [suit]," and he has submitted a copy of his inmate account statement.

The Court liberally construes plaintiff's averment and his submission of an inmate account statement as his request for leave to proceed *in forma pauperis* in this action. Having considered the request and having reviewed plaintiff's inmate account statement, the Court has determined to allow plaintiff to proceed *in forma pauperis* in these proceedings, and will assess an initial partial filing fee of $5.91. Additionally, the Court will give plaintiff the opportunity to file an amended complaint.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

Plaintiff's inmate account statement reflects an average monthly deposit of $29.58, and an average monthly balance of $28.40. The Court will therefore assess an initial partial filing fee of $5.91, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial

2

experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## Discussion

In the filing, plaintiff avers that "Department of Corrections and FCC Staff" have engaged in "acts of deliberate indifference due to them not wearing mask[s]" during the COVID-19 pandemic. Plaintiff lists the names of Warden Terry Lawson, Assistant Warden Travis Crews, and one Major Anderson, and alleges "they" refused to test him when he was sick. Plaintiff also alleges he has been threatened for using the prison grievance procedure. Plaintiff states "the warden" and "the FUM Last Name Hagrety" have allowed FCC staff members to engage in wrongdoing.

Plaintiff does not allege that Lawson, Crews, Anderson, Hagrety, or any other prison official was directly involved in or personally responsible for specific violations of his

3

constitutional rights. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights). Claims sounding in *respondeat superior* are not cognizable under § 1983. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995). The Court concludes that plaintiff has failed to state a cognizable claim for relief against Lawson, Crews, Anderson, or Hagrety, or any other individual who could be identified as a defendant. Accordingly, this action is subject to dismissal.

Rather than dismiss this action at this time, the Court will give plaintiff the opportunity to file an amended complaint to clearly set forth his claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must specify whether he sues each defendant in an official capacity, individual capacity, or both.

4

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is advised he must avoid attempting to amend or supplement a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512

5

F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

      Plaintiff has also filed a motion to appoint counsel.  The Court will deny the motion at this time, without prejudice.  "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."  *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). When determining whether to appoint counsel for an indigent litigant, the Court considers factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his claims.  *Id.* After considering these factors, the Court concludes that the appointment of counsel is unwarranted at this time, and is in fact premature. The Court will therefore deny the motion for the appointment of counsel without prejudice, and will entertain future motions for the appointment of counsel, if appropriate, as this litigation progresses.

      Accordingly,

      **IT IS HEREBY ORDERED** that plaintiff may proceed *in forma pauperis* in these proceedings.

      **IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (ECF No. 2) is **DENIED** without prejudice.

      **IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $5.91 within thirty (30) days of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 26th day of May, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE